UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-00991-SPG-MAR | Date | June 16, 2026 |
| Title | Mingyang Pang v. Kristi Noem et al | | |

| | |
|---|---|
| Present: The Honorable | SHERILYN PEACE GARNETT<br>UNITED STATES DISTRICT JUDGE |

| P. Gomez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceeding:** **(IN CHAMBERS) ORDER DENYING PETITIONER'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER [ECF NO. 12]**

On June 12, 2026, Petitioner Mingyang Pang ("Petitioner") filed an Ex Parte Application for Temporary Restraining Order and Order to Show Cause Re: Preliminary Injunction Motion. (ECF No. 12 ("Application")). Petitioner is currently detained at Adelanto ICE Processing Center and names as Respondents Markwayne Mullin, Todd Blanche, Todd M. Lyons, and James Janecka, all in their official capacities (collectively, "Respondents" or the "Government").[1] (ECF No. 1 ("Petition")). In his Application, Petitioner requests either medical treatment or immediate release from immigration custody, contending that he is likely to succeed on the merits of his claim that Respondents were deliberately indifferent to his medical needs. (Application). For the reasons set forth below, the Court DENIES the Application.

A temporary restraining order is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A party seeking a temporary restraining order, or any other form of injunctive relief, must demonstrate "a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). "The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant 'relief of the same character as that which may be granted finally.'" *Id.* (citing *De Beers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945)).

---

[1] Respondent Markwayne Mullin substitutes Kristi Noem, who, in her official capacity, was the originally named respondent Secretary of the Department of Homeland Security in this action, and Respondent Todd Blanche substitutes Pamela Bondi, who, in her official capacity, was the originally named respondent Attorney General. *See* Fed. R. Civ. P. 25(d) ("The officer's successor is automatically substituted as a party.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:26-cv-00991-SPG-MAR | Date | June 16, 2026 |
|---|---|---|---|
| Title | Mingyang Pang v. Kristi Noem et al | | |

Absent such a relationship, "the district court lacks authority" to grant the requested injunctive relief. *Id.* In addition, a party seeking injunctive relief must establish that: (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *See Farris v. Seabrook*, 677 F.3d 858, 864 (9th Cir. 2012) (citing *Winter*, 555 U.S. at 20).

The Court has determined Petitioner has not established a "sufficient nexus" between the claims raised in the Petition and the claims raised in the Application. *See Pac. Radiation Oncology, LLC*, 810 F.3d at 636. Through his Application, Petitioner contends that he is likely to succeed on a claim that Respondents were deliberately indifferent to his medical needs, in violation of the Fifth Amendment. (App. at 6–8) (citing *Fraihat v. U.S. Immigr. & Customs Enf't*, 16 F.4th 613 (9th Cir. 2021), *Gordon v. Cnty. of Orange*, 888 F.3d 1118 (9th Cir. 2018), and *Roman v. Wolf*, 977 F.3d 935 (9th Cir. 2020)). As relief, Petitioner requests immediate medical care or, in the alternative, immediate release from immigration custody. (*Id.* at 9). By comparison, the Petition raises procedural due process claims related to Petitioner's immigration detention and proceedings and seeks immediate release or a bond hearing. *See* (Petition). Petitioner, however, does not request medical care as relief in his Petition. *See* (*id.* at Conclusion and Prayer). "Though new assertions of misconduct might support additional claims against a defendant, they do not support preliminary injunctions entirely unrelated to the conduct asserted in the underlying complaint." *Pac. Radiation Oncology, LLC*, 810 F.3d at 636. Thus, Petitioner has not demonstrated a sufficient nexus between the claims raised in the Petition and Application, nor is the relief sought in the Application—immediate medical care—of the same character as the relief sought in the Petition. *See, e.g.*, *Sibomana v. Larose*, No. 22-cv-933-LL-NLS, 2022 WL 2918911, at *2 (S.D. Cal. July 25, 2022) (denying a motion for temporary restraining order where the relief sought, the provision of medical care, was "wholly outside his habeas petition" challenging the petitioner's prolonged detention without a bond hearing).

Further, assuming a sufficient nexus between the claims raised in the Petition and Application exists, the Petition lacks facts demonstrating that Petitioner is likely to succeed on the merits of a Fifth Amendment deliberate indifference claim. A plaintiff establishes a prima facie case of the government's deliberate indifference, in violation of the Fifth Amendment, where, "(i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries." *Fraihat*, 16 F.4th at 636. Petitioner only alleges that his "medical problems compromise his ability to stay in detention without endangering his health." (Pet. ¶ 17). The Petition contains no other allegations as to Respondents' involvement in imposing conditions of confinement that would subject Petitioner to a substantial risk of suffering serious harm. Thus, based on the allegations

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:26-cv-00991-SPG-MAR | Date | June 16, 2026 |
|---|---|---|---|
| Title | Mingyang Pang v. Kristi Noem et al | | |

in the Petition, Petitioner has not demonstrated he is likely to succeed on the merits of any alleged Fifth Amendment deliberate indifference claim.

Accordingly, the Court DENIES the Application.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer     pg