UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MINGYANG PANG,

                      Petitioner,

       v.

MARKWAYNE MULLIN; TODD BLANCHE; TODD M. LYONS; and JAMES JANECKA,

                      Respondents.

Case No. 5:26-cv-00991-SPG-MAR

**ORDER DECLINING TO ADOPT REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND REMITTING ACTION**

Pursuant to 28 U.S.C. § 636, the Court has reviewed Petitioner Mingyang Pang's Petition, (ECF No. 1 ("Petition")), the records on file, and the Report and Recommendation of the United States Magistrate Judge, (ECF No. 8 ("Report")), filed on April 6, 2026. The Court has also engaged in a de novo review of the objected portions of the Report made by Respondents Markwayne Mullin, Todd Blanche, Todd M. Lyons, and James Janecka (collectively, "Respondents" or the "Government").[1] (ECF No. 9 ("Objections")). For the

---

[1] Respondent Markwayne Mullin substitutes Kristi Noem, who, in her official capacity, was the originally named respondent Secretary of the Department of Homeland Security in this action, and Respondent Todd Blanche substitutes Pamela Bondi, who, in her official

-1-

reasons set forth below, the Court declines to adopt the Report of the Magistrate Judge and remits the matter to the Magistrate Judge for further adjudication.

Petitioner, a native and citizen of China, filed a Petition for Writ of Habeas Corpus on March 3, 2026, arguing that he has been improperly detained at Adelanto ICE Processing Center since September 20, 2025.  (ECF No. 1 ("Petition") ¶¶ 1, 12, 15).  Petitioner alleges that he received a bond hearing before an Immigration Judge ("IJ") on January 6, 2026, but the proceedings were deficient and the IJ ultimately denied him release on bond.  (*Id.* ¶ 18).  Petitioner thereafter filed a Petition for Writ of Habeas Corpus challenging the January 6, 2026, bond hearing proceedings.  *See* (*id.*).  Petitioner raised the following five claims: (1) continued detention without bail violates the Due Process Clause under the Fifth Amendment; (2) statutory misapplication between 8 U.S.C. §§ 1226(a) and 1226(c); (3) ineffective assistance of bond counsel; (4) suppression of evidence in violation of *Brady v. Maryland*; and (5) the existence of newly obtained evidence.  *See* (*id.*).  As relief, Petitioner requests release on bond or, in the alternative, that the Court order an expedited bond hearing at which the Government had the burden to justify Petitioner's continued detention pursuant to 8 U.S.C. § 1226(a).  (*Id.* at Conclusion and Prayer).

The Report finds that Petitioner entered the United States on a tourist visa on January 16, 2015, and on August 27, 2025, was arrested for alleged rape by use of drugs and corporal injury to spouse. (Report at 2).  Charges were not pursued against Petitioner, and Petitioner has no criminal convictions.  (*Id.*).  On September 20, 2025, Petitioner was detained by Respondents pursuant to 8 U.S.C. § 1226(a). (*Id.* at 2, 3).  On January 6, 2026, Petitioner had a bond hearing before an Immigration Judge, during which the Immigration Judge determined that Petitioner "did not meet his burden to establish that he is not a danger to the community."  (*Id.* at 2).

---

capacity, was the originally named respondent Attorney General.  *See* Fed. R. Civ. P. 25(d) ("The officer's successor is automatically substituted as a party.").

The Report addresses Petitioner's first and second claims, and did not reach claims three, four, or five. *See* (*id.* at 4 n.2). The Report concludes that, based on recent case law in this District, Petitioner's bond hearing violated the Due Process Clause of the Fourteenth Amendment by placing the burden of proof on Petitioner, not the Government. (*Id.* at 3–4). The Report additionally concluded that the Government must demonstrate by clear and convincing evidence that Petitioner's detention is necessary because he poses a flight risk or danger to the public. (*Id.*). As relief, the Report recommends that Petitioner be immediately released, unless he is a provided a bond hearing at which the Government bears the burden of justifying his detention by clear and convincing evidence. (*Id.* at 5).

Respondents raise two objections to the Report. First, Respondents argue that, under *Rodriguez Diaz v. Garland*, the individual detained pursuant to § 1226(a) bears the burden of proof to demonstrate by a preponderance of the evidence that he is not a flight risk, danger to the community, or threat to national security. (Objections at 3–4) (citing *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022)). Second, Respondents submit an exhibit indicating that on April 1, 2026, before the Report was issued, an Immigration Judge held a *Rodriguez* bond hearing for Petitioner and determined that the Government "met its burden to establish that [Petitioner] is a danger to the community," and denied his release on bond. (*Id.* at 2 n.1); (ECF No. 9-1 ("Exhibit A")). Petitioner has not objected to or otherwise responded to Respondents' Objections.

Based on Respondents' unrebutted representation that Petitioner received a bond hearing on April 1, 2026, at which the Government "met its burden to establish that [Petitioner] is a danger to the community," Petitioner has received the relief recommended in the Report, and his case may be moot. *See* (Report at 5); *Nw. Env't Def. Ctr. v. Gordon*, 849 F.2d 1241, 1244 (9th Cir. 1988) (a case is moot where "the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome") (internal quotation marks and citation omitted); *United States v. Alder Creek Water Co.*, 823 F.2d 343, 345 (9th Cir. 1987) ("A case becomes moot when interim relief or events have deprived the court of the ability to redress the party's injuries."). Accordingly, the Court

under the circumstances declines to adopt the present Report and remits the case to the Magistrate Judge for future adjudication of whether Petitioner's case is mooted by the *Rodriguez* bond hearing provided on April 1, 2026. *See* (Exhibit A).

**IT IS SO ORDERED.**

DATED: June 18, 2026

_____
HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE